Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4303 | **DATE** | 2/24/2003 |
| **CASE TITLE** | Patricia A. Weissmann vs. Lori Carroll, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at_____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants in part and denies in part the motion to dismiss [7-1]. The Court grants the individual defendants' motion to dismiss Count I with regard to the abolishment of the Deputy Clerk position. The Court denies the individual defendants' motion to dismiss Count I with regard to the termination of Weissmann from her part-time position as Executive Administrator. The Court denies in its entirety the Township's motion to dismiss Count II. STATUS HEARING SET FOR 3/14/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 27 2003 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | ODY docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 FEB 26 AM 8:37 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA A. WEISSMANN, | ) |
| Plaintiff, | ) |
| v. | ) Judge Ronald Guzmán |
| LORI CARROLL, an Individual, | ) 02 C 4303 |
| MARTIN MCGUIRE, an Individual, | ) |
| MAGGIE O'HERN, an Individual, | ) |
| and ORLAND TOWNSHIP, an Illinois | ) |
| Municipal Corporation, | ) |
| Defendants. | ) |

DOCKETED
FEB 2 7 2003

## MEMORANDUM OPINION AND ORDER

Patricia A. Weissmann ("Weissmann") has sued Lori Carroll ("Carroll"), Martin McGuire ("McGuire"), and Maggie O'Hern ("O'Hern") (collectively the "individual defendants") as well as Orland Township ("Township") for depriving her of her constitutional rights in violation of 42 U.S.C. § 1983 ("section 1983"). Before the Court is the Township and the individual defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the motion of the Township and individual defendants is granted in part and denied in part.

## FACTS

Weissmann began her employment with Orland Township in February 1999. (Compl. ¶ 4.) She served as part-time Deputy Clerk, and was appointed by Clerk Patricia Ann Thompson. (*Id.*) Weissmann also performed at least a portion of the duties of Acting Executive Administrator for Orland Township. (*Id.*) The defendant, Orland Township, is a municipal corporation. (*Id.* ¶ 2d.) The individual defendants Carroll, McGuire, and O'Hern are Trustees of Orland Township. (*Id.* ¶ 2a-c.)

On April 3, 2001, an election was held for various trustee positions on the Orland Township Board of Trustees. (*Id.* ¶ 5.) In that election, candidates from two political parties, the Coalition Party and the Independent Leadership Party, ran for the trustee positions. (*Id.* ¶ 6.) Individual Defendants Carroll, McGuire, and O'Hern were the Coalition Party's candidates. (*Id.* ¶ 7.) Weissmann openly opposed the Coalition Party and actively supported the Independent Leadership Party. (*Id.* ¶ 8.) On her own time, Weissmann openly expressed opinions in opposition of the Coalition Party and in favor of the Independent Leadership Party, and volunteered at several Independent Leadership Party events. (*Id.* ¶ 8.) Individual defendants were aware of Weissmann's political affiliation, opinion, and activities. (*Id.* ¶ 9.) The individual defendants were elected as trustees of Orland Township, by virtue of which they became a three to two voting majority of the Board. (*Id.* ¶ 10.)

On May 8, 2001, the Board held its first meeting following the election. (*Id.* ¶ 12.) As the first order of business, defendant O'Hern moved to terminate Weissmann's employment as Acting Executive Administrator. (*Id.* ¶ 12.) At the meeting, when asked whether there was any sound business or fiscal reason that would support the motion, none of the individual defendants responded. (*Id.* ¶ 13.) When the motion to terminate Weissmann's employment as Executive Administrator was taken, the individual defendant's voted in the affirmative and Weissmann's employment was terminated by a 3-to-2 vote. (*Id..* ¶ 14.) Later at the same meeting, the Board passed a motion to hire Ellen Friedl ("Friedl") as the new Executive Administrator, effective immediately. (*Id.* ¶¶ 15-16.) Weissmann alleges that with a reasonable opportunity for further investigation and/or discovery evidence will arise giving support to fact that Friedl is a political supporter and/or friend of some or all of the individual defendants. (*Id.* ¶ 17.)

During the May 8, 2001, meeting defendant McGuire moved to abolish the Deputy Clerk position, a position held by Weissmann at the time the motion was made. (*Id.* ¶ 18.) It appears no vote was taken at that time. However, at a later Orland Township Board meeting, held on

May 15, 2001, defendant O'Hern moved to adopt an ordinance abolishing the office of Deputy Clerk. (*Id.* ¶ 19.) The individual defendants voted to eliminate the position, and the office of Deputy Clerk was eliminated by a vote of three (3) to two (2). (*Id.* ¶¶ 20-21.) After the office of Deputy Clerk was eliminated, Orland Township sought employees to perform many of the same job functions Weissmann had performed while in the position.

## DISCUSSION

In ruling on a motion to dismiss, the court must accept all allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case. *Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 805 (N.D. Ill. 1996). This provision must be read in conjunction with Rule 8(a) which mandates a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a); *Stepan*, 948 F. Supp. at 805. Because the Federal Rule of Civil Procedure only requires notice pleading, and the pleadings "must be liberally construed and mere vagueness or lack of detail alone cannot be sufficient grounds for dismissal." *Stepan*, 948 F. Supp. at 805. As a result, a motion to dismiss may be granted only if the court concludes that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. Political Retaliation Claim against Individual Defendants

Weissmann argues that defendants deprived her of her rights to freedom of speech, freedom of assembly, freedom of association, due process, and equal protection under the First and Fourteenth Amendment of the U.S. Constitution in violation of section 1983. Section 1983

3

makes it unlawful for any person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [to] subject[], or cause[] to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Weissmann claims that the individual defendants have violated section 1983 by retaliating against her for exercising such rights when she openly supported the individual defendants' opponents in a political campaign. Weissmann argues that the individual defendants retaliated against her by eliminating her Deputy Clerk position and terminating her as part-time Executive Administrator.

The individual defendants argue that they are entitled to absolute immunity from civil liability for their legislative activities in both adopting an ordinance abolishing the office of Deputy Clerk and in passing a motion to remove the responsibilities of Executive Administrator from Weissmann. In their motion, the individual defendants claim that absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity," *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998), and that like national and state legislators, local legislators are entitled to absolute immunity from section 1983 liability for their legislative activities. Furthermore, the individual defendants claim that whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it. *Id.* The individual defendants argue that both the abolition of the Deputy Clerk position and the termination of Weissmann's part-time Executive Administrator duties were legislative in nature and therefore the individual defendants have absolute immunity from liability for their acts.

Weissmann concedes that the individual defendants have legislative immunity for voting on the ordinance to abolish the position of Deputy Clerk. As a result, the Court will not address this claim and defendants' motion to dismiss it is granted. However, Weissmann argues that the legislative immunity does not extend to the individual defendants regarding their vote to

4

terminate Weissmann from her part-time Executive Administrator position due to the fact that the hiring and firing of employees is an administrative function, not a legislative one.

It is clear that state and local legislators are absolutely immune from lawsuits when acting in their legislative capacities. *See Rateree v. Rockett*, 852 F.2d 946, 949 (7th Cir. 1988). Absolute immunity, however, only applies to those legislators acting in their legislative capacity. Administrative or executive acts of legislators are not protected. *Id.* at 950. According to the U.S. Supreme Court, employment decisions are generally administrative decisions in nature. *See, e.g., Forrester v. White*, 484 U.S. 219, 229 (1988). More specifically, employment decisions concerning employees having no connection whatsoever with the legislative process have generally been held to be administrative acts not subject to legislative immunity. *Hudson v. Burke*, 617 F. Supp. 1501, 1510 (N.D. Ill. 1985). However, to the extent that an employee has some opportunity for meaningful input into the legislative process, the decision to hire or fire such employee is within the sphere of legitimate legislative activity. *Id.* at 1511. Such an exception is based on the fact that a politician has a right to expect that every person on his staff will give total loyalty to his political position, total confidentiality, and total support. *Id.* (citing *Agromayor v. Colberg*, 738 F.2d 55, 60 (1st Cir. 1984)). This may lead to the politician employing a particular person based on a political affiliation thought to be acceptable to the politician and his constituents, even though in the private sector, such criteria might be prohibited. *Id.*

The question is whether Weissmann had the opportunity for meaningful input into the legislative process. The facts argued by the parties leave this question in dispute. Given that this is a motion to dismiss, the Court must accept all of Weissmann's allegations as true and draw all reasonable inferences in her favor. The Court concludes that Weissmann may be able to prove a set of facts in support of her claim that the individual defendants' act of terminating Weissmann was administrative, rather than legislative in nature. The Court further concludes that

Weissmann may be able to prove a set of facts that support her claim that while in the position of Executive Administrator she was not provided the opportunity for meaningful input into the legislative process and therefore the individual defendants should not be granted immunity for their act of terminating Weissmann. As a result, the individual defendants' motion to dismiss based on legislative immunity must be denied.

The right to associate with the political party of one's choice is an integral part of the basic constitutional freedom protected by the First and Fourteenth Amendments. *Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973). Under the general rule established by the U.S. Supreme Court, the patronage dismissal of a public employee violates the employee's First Amendment right to freedom of political association. *See, e.g., Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *Keyishian v. Bd. of Regents*, 385 U.S. 589, 609 (1967).

However, the individual defendants state that in *Elrod v. Burns*, the Supreme Court established an exception to this general rule which reads that the patronage dismissals of policy-making employees are allowed "to the end that representative government not be undercut by tactics obstructing the implementation of policies of the new administration, policies presumably sanctioned by the electorate." 427 U.S. 347, 367 (1976). Furthermore, the individual defendants point out that the *Elrod* opinion relied, in large part, upon a Seventh Circuit case in which it was noted that political affiliation is a legitimate "criterion in the selection of policy-making officials" and that "considerations of personal loyalty ... may justify the employment of political associates in certain positions." *Ill. State Employees Union, Council 34 v. Lewis*, 473 F.2d 561, 574 (7th Cir. 1972).

As a result of the above-mentioned decisions, the individual defendants argue that given the job description of the position of Executive Administrator, the person that serves in such position would be performing the role of the Township's highest-ranking employee and advisor. If Weissmann did in fact hold the position of Executive Administrator, defendants argue that as

6

the Township's highest-ranking employee who supervised all of Orland Township's staff members and made hiring recommendations to the Supervisor and Orland Township Board of Trustees, there is no question that she was authorized to provide meaningful input into Township employment polices and goals. If Weissmann's position as Executive Administrator required her to provide meaningful input into governmental decision-making, the individual defendants argue that Weissmann's termination from such position would qualify under the policymaker exception advanced by the Supreme Court and the Seventh Circuit.

The Court need not address whether or not the position of Executive Administrator would qualify under the policymaker exception articulated by the *Elrod* Court. In ruling on this motion to dismiss, the Court accepts all of Weissmann's allegations as true and draws all reasonable inferences in her favor. The Court can only rule on the formal sufficiency of Weissmann's claim for relief; it cannot resolve a dispute about the facts or merits of the case. At this point in the proceedings, the Court looks to whether or not Weissmann has provided a short and plain statement of the claim and whether any hypothetical facts exist that could afford Weissmann the relief she is seeking.

In her complaint, Weissmann simply claims that the individual defendants violated section 1983 when they terminated her as part-time Executive Administrator. Weissmann alleges that such termination was in fact retaliation against her for openly supporting the individual defendants' opponents in a political campaign. Weissmann's pleadings must be liberally construed and mere vagueness is not sufficient grounds for dismissal. It is unclear from the complaint exactly what Weissmann's job duties as Executive Administrator were. It is possible that Weissmann could prove a set of facts in support of her claim that would entitle her to relief. Weissmann has in no way pleaded herself out of court.

With these principles in mind, the Court rejects the individual defendants' arguments and holds that plaintiff has alleged sufficiently a violation of section 1983 against the individual

7

defendants. However, given that Weissmann has conceded that the individual defendants enjoy legislative immunity regarding the abolition of the Deputy Clerk position, the allegation against the individual defendants is limited to the act of their terminating Weissmann from her part-time position as Executive Administrator and the words "and eliminating her position as Deputy Clerk" are stricken from Count I, ¶ 27 of the Complaint. With regard to whether or not the position of Executive Administrator is a policymaking position, Weissmann is entitled to further discovery to support her claim. Thus, the individual defendants' motion to dismiss Count I is granted in part and denied in part.

**B.      Political Retaliation Claim against Orland Township**

Weissmann re-alleges that Orland Township violated section 1983 when it deprived her of her right to freedom of speech, freedom of assembly, freedom of association, due process, and equal protection under the laws as guaranteed through the First and Fourteenth Amendment of the U.S. Constitution. Weissmann claims that the Township deprived her of her constitutional rights when it fired her from her Executive Administrator position and eliminated her position as Deputy Clerk in retaliation for her exercising such rights when she openly supported the Individual Defendant's opponents in a political campaign.

The Township claims the legislative immunity defense discussed above, arguing that such a defense is applicable to the Township itself. The Court disagrees. The Supreme Court has held that municipal corporations do not enjoy the immunity of their employees. *See, e.g., Owen v. City of Independence*, 445 U.S. 622, 638 (1980). Specifically, the *Owen* Court stated that there is "no tradition of immunity for municipal corporations, and neither history nor policy supports a construction of §1983 that would justify the qualified immunity" accorded to a municipality. *Id.* This Court therefore holds that the Township may not assert legislative

immunity as a defense to liability under section 1983, and its motion to dismiss Weissmann's claim is denied on such grounds.

In addition, the Township argues that the plaintiff has failed to allege a policy or custom as required by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Municipal liability under section 1983 may be established in one of three ways: (1) through a law, ordinance or regulation reduced to writing, that when enforced results in a constitutional violation; (2) through a widespread practice that is so well settled as to constitute a "custom or usage" with a force of law, or (3) where the constitutional violation was caused by the actions of a person with "final policymaking authority." *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994).

The Township claims that Weissmann has not alleged governmental liability under any of these three theories. Again, the Court disagrees.

Weissmann has alleged a nexus between the Orland Township Board's acts of eliminating the Deputy Clerk position and terminating her from her part-time Executive Administrator duties and the exercise of Weissmann's constitutionally protected rights. Thus, Weissmann has complained of acts committed by the Orland Township Board, a body of people that have final policymaking authority.

The Township further argues that because (1) its decision to have or not have a deputy clerk is expressly authorized by the Illinois Township Code, 60 ILL. COMP. STAT. 1/75-45; (2) Weissmann's duties as Executive Administrator were temporary in nature, and, according to the Township, she did not have a protected property interest in her job duties, Weissmann's claims are "wholly devoid of any allegation that she suffered any constitutional violation." (Mem. Supp. Mot. Dismiss at 13.)

Simply because a state statue authorizes an act does not make the particular act complained of in this case permissible under the U.S. Constitution. Furthermore, Weissmann's

9

job status as Executive Administrator may or may not have been temporary in nature and therefore she may or may not have had a protected property right in the job duties. Because this is a motion to dismiss, the Court accepts all of Weissmann's allegations as true and draws all reasonable inferences in her favor. In doing so, the Court accepts Weissmann's set of facts, which states that she served as the part-time Acting Executive Administrator for Orland Township and makes no mention of the fact that the position was temporary, as true. In doing so, Weissmann has pleaded sufficiently that a constitutional violation was caused by the actions of persons with final policymaking authority. With these principles in mind, the Court rejects the Township's arguments and holds that the plaintiff has alleged a violation of section 1983 against the Township. Thus, the Court denies the Township's motion to dismiss Count II in its entirety.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part the motion to dismiss [doc. no. 7-1]. The Court grants the individual defendants' motion to dismiss Count I with regard to the abolishment of the Deputy Clerk position. The Court denies the individual defendants' motion to dismiss Count I with regard to the termination of Weissmann from her part-time position as Executive Administrator. The Court denies in its entirety the Township's motion to dismiss Count II.

**SO ORDERED**  ENTERED: 2-24-03

HON. RONALD A. GUZMAN
United States Judge