Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4303 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Weissmann vs. Carroll | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court grants defendant's motion for summary judgment on Counts I and II of plaintiff's complaint. In addition, the Court strikes as moot the motion to strike the affidavit of Patricia Thompson. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 MAR 31 AM 11:31 | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. WEISSMANN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 02 C 4303 |
| LORI CARROLL, MARTIN McGUIRE, MAGGIE O'HERN, and ORLAND TOWNSHIP, an Illinois municipal corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
MAR 3 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Lori Carroll's, Martin McGuire's, Maggie O'Hern's (collectively the "individual defendants"), and Orland Township's (hereinafter "Township") motion for summary judgment as to Plaintiff Patricia A. Weissmann's (hereinafter "Weissmann") Complaint. In Count I and Count II, Weissmann alleges violations of 42 U.S.C. § 1983 against the individual defendants and the Township. Additionally, before this court is individual defendants' and Township's motion to strike the affidavit of Patricia Thompson.

For the reasons below, this court grants individual defendants and Township's

1



motion for summary judgment on Count's I and II of Weissmann's Complaint. In addition, the court strikes as moot the motion to strike the affidavit of Patricia Thompson.

## BACKGROUND

According to Weissmann's Complaint, she began her employment with the Township in February 1999 as the part-time Deputy Clerk, and at one point also served as the part-time Acting Executive Administrator for the Township. The record reflects that in September of 2000, the position of Township Executive Administrator became vacant. The Orland Township Board (hereinafter "Board") asked Weissmann and two other individuals to help perform some of the Executive Administrator duties while the position was vacant. From approximately September 2000 through May 2001, Weissmann, along with two other individuals, were paid stipends to perform these extra duties while the position was vacant.

On April 3, 2001, an election was held for various positions on the Township Board of Trustees. At that time, Weissmann was the Deputy Clerk and was also still helping to perform the extra duties of the Township Executive Administrator. In the April 2001 election, candidates from the two political parties, the Coalition Party and the Independent Leadership Party, ran for trustee positions on the Board. The individual defendants were the Coalition Party's candidates. Weissmann supported the

Independent Leadership Party candidates. The outcome of the election resulted in the three individual defendants being elected to three trustee positions on the Township. As a result, the individual defendants became a three to two voting majority of the Board.

On May 8, 2001, the Board held its first meeting following the election. At the meeting, one of the individual defendants moved for the Board to hire Ellen Friedel to the vacant position of Executive Administrator and also to terminate Weissmann's temporary stipend and the extra Executive Administrator duties that she was performing. The individual defendants supported both motions affirmatively and each motion passed by a three to two majority vote.

Later at the same meeting, the Board considered abolishing the Deputy Clerk position from the Township. However, the measure did not come to a vote at that meeting. At a following Board meeting on May 15, 2001, one of the individual defendants moved to adopt an ordinance abolishing the office of Deputy Clerk. Thereafter, a vote was taken and the office of Deputy Clerk was eliminated by a vote of three to two.

This case was originally before the Honorable Ronald A. Guzman of the Northern District of Illinois. In a February 27, 2003 Memorandum Opinion and Order, Judge Guzman, addressing the individual defendants' and the Township's motion to

dismiss Weissmann's Complaint, granted the individual defendants' motion to dismiss Count I with regard to the abolishment of the Deputy Clerk position; denied the individual defendants' motion to dismiss Count I with regard to the termination of Weissmann from her part-time position as Executive Administrator; and denied in its entirety the Township's motion to dismiss Count II.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### COUNT I: § 1983 Individual Defendants Claim

With respect to Count I, Weissmann argues that the individual defendants deprived her rights to freedom of speech, freedom of assembly, freedom of association, due process, and equal protection under the First and Fourteenth Amendment of the U.S. Constitution in violation of § 1983. Section 1983 makes it unlawful for any person "under color of any statue, ordinance, regulation, custom, or usage, of any State...[to] subject[], or cause[] to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Weissmann claims that the individual defendants have violated § 1983 by

retaliating against her for exercising such rights when she openly supported the individual defendants' opponents in a political campaign. In particular, Weissmann argues that the individual defendants retaliated against her by terminating her as a part-time Executive Administrator.

The United States Supreme Court has affirmatively denounced firing practices of public employees based on patronage. *Elrod v. Burns*, 427 U.S. 347, 360-61 (1976). In *Elrod,* the Supreme Court explained that conditioning public employment on the provision of support for the favored political party"unquestionably inhibits protected belief and association." *Id.* at 359. In addition, the Supreme Court has recognized that such politically motivated behavior against public employees is also actionable under 42 U.S.C. § 1983 with respect to promotions, transfers, recall, and hiring decisions." *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 76 (1990)(extending *Elrod* to include promotion, transfer, recall, and hiring decisions based on party affiliation and support). Furthermore, the Seventh Circuit has viewed views political patronage cases as a subset of cases concerning discharge in retaliation for the exercise of First Amendment rights. *Marshall v. Porter County Plan Com'n,* 32 F.3d 1215, 1220, (7th Cir. 1994); *Wilbur v. Mahan,* 3 F.3d 214, 219 (7th Cir.1993).

Before this court determines if there is a genuine issue of material fact as to whether and for what purposes Weissmann may have been fired, the court must first

determine what, if any, position she was fired from. The court notes that Weissmann has not been certain as to what title she was fired from. For instance, in her Original Complaint, Weissmann alleged violations under § 1983 in that the individual defendants fired her from the position of "Executive Administrator for Orland Township". Pl.'s Compl. ¶ 27. Yet, in subsequent motions and admissions, Weissmann refers to herself as being the former "Acting Executive Administrator for Orland Township". Pl.'s Rule 56.1 Resp. ¶ 13. In her latest version, Weissmann declares that she actually served as the former "part-time Acting Executive Administrator for Orland Township." Pl.'s Rule 56.1 ¶ 2.

According to Weissmann, she began her employment at the Township in February of 1999 as the Deputy Clerk of the Township. Pl.'s Rule 56.1 ¶ 1. In September of 2000, the position of Executive Administrator of the Township became vacant. Pl.'s Rule 56.1 Resp. ¶ 5. The Executive Administrator runs the daily operations of the Township; makes reports and policy recommendations to the Town Board, and otherwise performs a broad range of functions for the Township. *Id.* at 6.

At a September 5, 2000 Township Board Meeting, the Board asked Weissmann, Sandy Burian ("Burian"), and Ellen Friedel ("Friedel") to assume the extra duties that were usually performed by the Executive Administrator. Pl.'s Rule 56.1 Resp. ¶ 11. Weissmann, Burian, and Friedel were each paid a temporary stipend for assuming those extra duties while the Executive Administrator position was vacant. *Id.* at 12, 16; Pl.'s Rule 56. 1 Ex. 6 p. 50. Weissmann also admits that the Board never hired her to the

7

position of acting Executive Administrator. *Id.* at 13; Weissmann Dep. p. 4 8. Furthermore, Weissmann understood that the extra duties that she and the others were performing were only temporary. *Id.* at 14; Weissmann Dep. p. 50-51.

Nine months later, on May 8, 2001, the Township Board, held its first meeting since the April 2001 election. The individual defendants now occupied three of the five Board seats. Pl.'s Rule 56.1 ¶'s 15, 18; Pl.'s Rule 56.1 Resp. ¶ 34. At the meeting, one of the individual defendants moved for the Board to hire Friedel to the vacant position of Executive Administrator and also to terminate Weissmann's temporary stipend and the extra Executive Administrator duties that she was performing while the position was vacant. Pl.'s Rule 56.1 Resp. 37. The individual defendants supported both motions affirmatively and each motion passed with a three to two majority vote. Pl.'s Rule 56.1 ¶'s 28-32.

The discovery process in this claim has provided this court with valuable evidence in examining Count I. *See Sledd v. Lindsay,* 102 F.3rd 282, 288-289 (7th Cir. 1996)(stating that once the parties have been able to develop a record suitable for summary judgment motions, the district court will be in a far better position to see if the Plaintiff can back up his allegations with anything that entitles him to a trial). The court finds that despite her claim, Weissmann was not fired from the position of "part-time Acting Executive Administrator". Additionally, Weissman points this court to no new evidence to prove that she was ever officially hired to any of the above named positions. At best, she was relieved from the temporary extra duties she and two other individuals

agreed to take on while the position of Executive Administrator was vacant.

The court notes that at the summary judgment stage it must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). However, many of the inferences and arguments Weissmann wishes us to infer are totally unreasonable. Pl.'s Respons. to Summ. J. p. 9-11. Weissmann presents an unsupported theory that she was the victim of politically motivated behavior because she openly supported the individual defendants' opponents in a political campaign. Pl.'s Rule 56.1 Resp. ¶'s 19- 32, 39-40,42. Simply put, her allegations conflict with her own admissions. Weissmann mentions individuals who are not named as defendants in this matter - who are not even employed by the Township - as retaliating against her and asks us to impute liability on the named defendants. Pl.'s Resp. Def.'s Summ. J. p. 9-13. She asks the court to consider that even if we found she was not retaliated against, we could find that her former boss, the Township Clerk, was subject to retaliation. *Id.* In particular, paragraphs 19 through 32 of the Plaintiff's Response to the Defendants' Statement of Facts exhibit the speculative nature of the basis of these theories and the lengths to which Weissmann has gone to allege that she has been retaliated against by the individual defendants. For instance, Weissmann in her deposition responded to the following questions as such:

> Q: Do you have any information that any of the three [individual defendants] of them knew that you were

9

> opposing them?
>
> A: If your're going to ask me for factual information, which I don't have, but everybody knew who was working on everybody else's campaign. I clarified that. I said I do not have factual information.
>
> Q: Do you have any nonfactual information?
>
> A: Everybody knew everybody else. It's Orland township. It's six square miles. That's what townships are, they're six square miles. You knew who was working on the other's campaign.

Pl.'s Rule 56. 1 Ex. 6 p.74-75. These statements are not reasonable inferences.

The facts clearly establish that over the course of nine months, Weissmann, along with two other individuals, were paid stipends to perform extra duties for the Township while the Executive Administrator position was vacant. Weissmann understood that the extra duties were not permanent and that they would cease when the Board appointed a new Executive Administrator. When the Board decided to appoint Friedel to fill the Executive Administrator vacancy, Weissmann was relieved of the extra duties she and the others had assumed. This summary of the course of events in this matter is taken from Weissmann's own admissions. Discovery in this matter has produced a record that establishes no factual disputes. *Sledd*, F.3d at 288-289.

Respectively, this court finds that Count I, and the allegations set forth, are completely disingenuous and not in violation of the protection afforded under § 1983 as explained by the Court in both *Rutan and Elrod. Rutan v. Republican Party of Illinois*, 497 U.S. 62, 76 (1990); *Elrod v. Burns*, 427 U.S. 347, 360-61 (1976).

Even if Weissmann was able to establish that the Board did fire her from the position of part-time acting Executive Administrator, which she has failed to do, summary judgment would still be appropriate in that the position of Executive

10

Administrator is a policymaking position. The Seventh Circuit has explained that in patronage cases, an exception arises in the situation in which the public employee or job applicant occupies or seeks an office having a confidential character, a policymaking function, or some other characteristic that would make party affiliation a reasonable job qualification. *See Wilbur v. Mahan*, 3 F.3d 214, 216 ( 7th Cir. 1993)(citing *Elrod v. Burns, supra,* 427 U.S. at 367, 96 S.Ct. at 2687; *Branti v. Finkel, supra,* 445 U.S. at 518, 100 S.Ct. at 1294-95; *Upton v. Thompson,* 930 F.2d 1209, 1213-16 (7th Cir.1991); *Tomczak v. City of Chicago,* 765 F.2d 633, 640 (7th Cir.1985); *Soderbeck v. Burnett County, supra,* 752 F.2d at 288; *Livas v. Petka,* 711 F.2d 798, 800 (7th Cir.1983). "A public agency would be unmanageable if its head had to appoint or retain his political enemies, or if that is too strong members of the opposite party--or for that matter members of no party, neither enemies nor friends--in positions of confidence or positions in which they would be making policy or, what amounts to the same thing, exercising discretion in the implementation of policy." *Id.*

The Executive Administrator runs the daily operations of the Township; makes reports and *policy recommendations* to the Town Board, and otherwise performs a broad range of functions for the Township. *Id. at* 6. Based on the job description, affidavits, Weissmann's own admissions, and a review of the complete record, the position of Executive Administrator qualifies as a policymaking position. Pl.'s Rule 56.1 Resp. ¶'s 10, 17. Weissmann has affirmatively maintained that she is not a member of the individual defendants' political party, thus, if Weissmann was fired as

the part-time acting Executive Administrator the act would be justified under the above mentioned exception. *Wilbur*, 3 F.3d at 216.

As such, this court finds that Count I presents no genuine issue as to any material fact and that no reasonable jury could find that Weissmann was retaliated against in violation of § 1983.

Therefore, we grant the individual defendants motion for summary judgment as to Count I of Weissmann's Complaint.

## COUNT II: § 1983 Township Claim

With respect to Count II, Weissmann re-alleges that the Township violated § 1983 when it deprived her of her right to freedom of speech, freedom of assembly, freedom of association, due process, and equal protection under the laws as guaranteed through the First and Fourteenth Amendment of the U.S. Constitution. Weissmann claims that the Township deprived her of her Constitutional Rights when it fired her from the Executive Administrator position and eliminated the position of Deputy Clerk in retaliation for her exercising such rights when she openly supported the individual defendants opponents in a political campaign.

As already explained above in this court's analysis of Count I, Weissmann's admissions reveal that she was not fired or retaliated against by the individual defendants with respect to the extra Executive Administrator duties she was relieved from performing. Accordingly, the court finds that Township is also not liable for

retaliation with respect to the Board relieving Weissmann of the extra Executive Administrator duties she was performing. Thus, the only remaining claim the court must determine is whether Weissmann was retaliated against when the Board decided to eliminate the Deputy Clerk position.

The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a "custom or usage" with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

At the May 8, 2001 Township Board Meeting, the Board considered abolishing the Deputy Clerk position from the Township, yet a vote was never taken on that matter. Pl.'s Rule 56.1 ¶'s 36,37. However, at a following Board meeting on May 15, 2001, one of the individual defendants moved to adopt an ordinance abolishing the office of Deputy Clerk. *Id.* at 38. The individual defendants voted to eliminate the position, and

the office of Deputy Clerk was eliminated by a vote of three to two. *Id.* at 40.

Weissmann alleges that under the third prong of this test, the Township's adoption of the ordinance to abolish the Deputy Clerk position was an unconstitutional act by the Township Board who had the final policymaking authority. The Township maintains that the abolishment of the Deputy Clerk position by ordinance is not unconstitutional because a township's decision to have a deputy clerk is expressly authorized by the Illinois Township Code under 60 ILCS 1/75-45. The Township also contends that the purpose for which they abolished the Deputy Clerk position was not to terminate Weissmann's employment with the Township. Rather, they believed and still believe that the Deputy Clerk position was not necessary fiscally or organizationally for the Township. Def.'s Ex. B.

Weissmann states that the Deputy Clerk position is necessary because the elected Clerk of Orland Township could not be in her office everyday from 8:00am to 5:00pm due to other responsibilities and that the office of Township Clerk was only part-time. Pl.'s Rule 56.1 ¶ 39. Weissmann also states that she had to perform many of the duties of the Clerk because the Clerk was not always in the office. Pl.'s Rule 56.1 Resp. ¶ 7; Pl.'s Rule 56.1 Ex. 6 p.27. Weissmann's personal opinion relating to the importance and necessity of her position is self-serving, irrelevant, and without merit. Moreover, Weissmann does not dispute the constitutionality of 60 ILCS 1/75-45 of the Illinois Township Code and readily admits that the Deputy Clerk position has not since been reinstated by the Township. Still, Weissmann chooses to invoke the unsubstantiated

theory that the position of Deputy Clerk was abolished by politically motivated behavior because she openly supported the individual defendants' opponents in a political campaign. Pl.'s Rule 56.1 Resp. ¶'s 19 - 32, 39-40, 42, 45; Pl.'s Rule 56.1 ¶'s 13, 14; Pl.'s Rule 56.1 Ex. 6 p. 84. Weissmann supports this contention with the affidavit of the Township Clerk, Patricia Thompson, who asks this court to assume the following in ¶ 10:

> 10. Somebody who was interested in and involved in the April 2001 Township election would have had to have known that I was a candidate for re-election as clerk and that Pat Weissmann was a supporter of mine.

Pl.'s Ex. 5 ¶ 10. A § 1983 claim against a municipality is a serious action. As such, this court will make reasonable inferences, but not baseless assumptions.

This court finds that with respect to Count II, Weissmann's argument fails to address and set forth specific facts that would show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). As such, this Court finds that Count II presents no genuine issue as to any material fact and that no reasonable jury could find that Weissmann was retaliated against in violation of § 1983 when the Board chose to abolish the position of Deputy Clerk.

## CONCLUSION

Based on the foregoing analysis, this court grants Defendant's motion for summary judgment on Counts I and II of Weissmann's Complaint. In addition, the court strikes as moot the motion to strike the affidavit of Patricia Thompson.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 31, 2004